United States Bankruptcy Court
Eastern District of Wisconsin

In Re: Jasmine M. McCloud

Case No. 11-34807-pp

Debtor,

Chapter 13

Respondents Response And Objection To Order To Show Cause Regarding Fees of Petition Preparer Mr. Lee

The respondent Stephen Lee submits the following response and objection to the order to show cause regarding fees of petition preparer Mr. Lee:

A. Petition Preparer

1. Penalty for Persons who Negligently or Fraudulently "Prepare" bankruptcy petitions

bankruptcy petition preparer means a person, other than an attorney for the debtor ... who "prepares" for compensation a document for filing

11 USC 110(A)(1)

#1

2. A bankruptcy petition preparer who "prepares" a document for filing shall sign the document and print on the document the preparers' name and address

<u>11 USC 110 (b) (1)</u>

3. A bankruptcy petition preparer who "prepares" a document for filing shall place on the document, after the preparers' signature an identifying number that identifies individuals who "prepared" the document

<u>11 USC 110 (c) (1)</u>

4. There are several individuals and businesses that advertise as petition preparers and specifically state that they will prepare bankruptcy forms for filing (Exhibit A)

5. The respondent does not advertise that he is a petition preparer or that he will prepare bankruptcy forms for filing (Exhibit B)

6. The order in this case states the debtor in this case had respondents' business card and that card advertises that respondent charges $90 to "Prepare" bankruptcy petitions (Exhibit C)

#2

7. That is clearly not the case nowhere on respondents' business card does it state that he does or will prepare any kind of forms including bankruptcy forms (Exhibit A)

8. The respondents' business card not only does not indicate that he does or will prepare bankruptcy forms but his card does not indicate any chapter such as 7 or 13 of the bankruptcy code (Exhibit A)

9. The decision as to what chapter of the bankruptcy code is left up to the individual when they come into respondents office and advise him what chapter they want to do and then respondent provides them with the applicable forms

10. The respondent does not "prepare" bankruptcy forms for filing for anyone, he does not use intake questionnaires or bankruptcy workbooks for debtors to complete and then transcribe information supplied by prospective debtors to applicable bankruptcy forms

11. When a prospective debtor comes into respondents office and after informing him what chapter of the bankruptcy code they want to file he hands them the applicable forms and they prepare there own forms from beginning to end

#3

12. When a prospective debtor leaves respondents' office they have all of there bankruptcy forms which they prepared with them and they proceed to the Federal Courthouse to file there own forms which they prepared, the respondent retains no forms prepared by a debtor they have all of there paperwork with them when they leave his office.

13. The order in this case states that a Dennis Caperton filed case #11-34884 on 09/29/11 and told the clerks office that respondent took money from him — but that respondent "did not complete the paperwork" and "Mr. Caperton had to do it himself" (Exhibit C)

14. The order in this case states the debtor in this case informed both the clerks' office and the judge that respondent "prepared" her papers. (Exhibit C)

15. The debtor in this case informing the clerks' office and the judge that respondent "prepared" her papers is a blantant, wilful and intentional misrepresentation of the facts and can be clearly disputed by comparing the handwriting of the debtors petition to the respondents handwriting in this response, the handwriting in respondents' own bankruptcy

#4

case or by having the debtor and respondent submit to handwriting samples in front of the court (Exhibit O)

## B. Fees

1. The respondent operates a Pro se Self Help Center which helps people help themselves specifically if they want to file bankruptcy under the bankruptcy code (Exhibit A)

2. The fee of $90 which the debtor payed the respondent in this case was not unreasonable or excessive.

3. The debtor in this case could have freely choose to go any petition preparer or bankruptcy service which advertises there services the same as respondent including going to a bankruptcy attorney, she did not the debtor freely choose to come to respondents office and pay him $90 to show her how to help herself file bankruptcy under the bankruptcy code (Exhibits A, B)

4. Once the debtor came in the office and came to respondents' desk and advised him what chapter of the bankruptcy code she wanted to do he got the applicable forms out for that chapter and allowed the debtor to sit at his desk which has a computer and printer so she could begin to prepare her forms

#5

5. Before getting up from his desk respondent put the Applicable website in the computer so respondent could her credit report if the debtor pulled A credit report ae All three credit reports She could print them out

6. That $90 fee the debtor freely paid to respondent Also included up to At least (2) hrs or More At $30 AN hour (note: $30 A hour was going rate for bankruptcy paralegal services in 2005) reviewing the bankruptcy forms the debtor prepared with her

7. The document review included going through each page AND schedule of the Applicable bankruptcy forms with the debtor AND telling her to read each form AND section carefully AND check the Appropriate boxes; going through Exhibit D on credit counseling carefully read AND check the Appropriate box; going through Schedule A read carefully; Schedule b read carefully AND answer accordingly None or provide description AND Location of property AND current value; Schedule C read carefully; Schedule D read carefully; Schedule E read carefully check Appropriate boxes; Schedule F read carefully After she read form, Respondent showed her in the first creditor box how to fill in

#6

Acct # and mailing address, date of claim and amount of claim from her credit report or reports; Schedule G read carefully; Schedule H read carefully; Schedule I read carefully and fill in applicable information; Schedule J read carefully and fill in applicable information; Statement of financial affairs read carefully fill in applicable information; debtor took out application to pay filing fee in installments; debtor filled out application for waiver of filing fee; Statement of Social Security read carefully; Statement of current monthly income means test for Chapter 13 read carefully fill in applicable information and gave her median income for her household size; debtors Certification of completion of Personal Financial Management told debtor she had to fill in required information if she had taken required course or after she took required course; Chapter 13 plan told debtor to read carefully provide applicable information to best of her ability; went through summary of schedules with debtor told her to fill in applicable information; went through statistical summary with debtor told her to fill in applicable information

#7

Case 11-34807-pp    Doc 16    Filed 10/19/11    Page 7 of 11

8) Once all the work was done on debtors petition, schedules, means test, and debtor plan, respondent put the courts website in his computer www.wieb.uscourts.gov and the debtor began filing her creditor matrix

9) While debtor was doing her creditor matrix respondent was making copies of the debtors petition and schedules for her

10) After debtor was done with creditor matrix respondent gave her a manilla file folder to put all her papers in along with the address to the federal courthouse, room number of the bankruptcy clerk and the clerks hours and gave her his business card (Exhibit B)

11) The fee of $90 the debtor payed to respondent for the services he provided her in helping her help herself prepare and file her own bankruptcy papers also includes copies of credit reports, bankruptcy petition, and copy paper for his copier and printer along with ink and also includes overhead costs to respondent associated with his sharing office including rent, phone/internet services which all

#8

helped respondent help herself prepare and file her own bankruptcy papers

12. Other than the debtor attempting to obtain a fee waiver by giving the clerk waiver forms the debtor prepared herself when the first form the debtor filled out in bankruptcy petition forms in the filing fee section specifically states "<u>Filing fee waiver requested (applicable to chapter 7 individuals only)</u>" there where no problems with the services respondent provided debtor in helping her help herself

13. Once the debtor choose to seek a waiver in her chapter 13 case it was nothing respondent could do, he could not give legal advice such as what chapter of the bankruptcy code to file or the costs associated with those chapters or how to pay for her bankruptcy, but that information except for the actual filing fee cost is on the bankruptcy forms, thats why respondent told the debtor to read everything carefully, furthermore pursuant to <u>11USC 342 (b)(1)(A)</u> the clerk "<u>Shall</u>" give each individual written notice of the chapters and costs of proceeding under each of those chapters which the clerk apparently did since the debtors chapter 13 bankruptcy was filed (Exhibit C)

#9

14. The debtors chapter 13 bankruptcy was filed by the clerk AND there is no indication from the order in this case that the debtor received A notice of deficiency in regards her chapter 13 filing or was harmed in any way by the services respondent provided debtor in helping her help herself prepare AND file her own chapter 13. The fee of $90 the debtor payed to respondent for the services he provided her in helping herself prepare AND file her own bankruptcy papers was not unreasonable or excessive but was reasonable (Exhibits A, B)

C. The court should not require respondent to refund fees or should not bar him from preparing bankruptcy petitions
___

1. The bankruptcy code defines a petition preparer as a person, other than an attorney ... who prepares a document for filing

<u>11 USC 110 (a) (1)</u>

2. Once a person performs services that bring him within that definition, they are subject to the provisions of the bankruptcy code governing petition preparers.

3. The respondent does not "prepare" any bankruptcy documents for filing for anyone and did not negligently or fraudulently "prepare" bankruptcy documents for filing for the debtor in this case, she "prepared" and filed her own bankruptcy documents

4. Because the respondent does not perform services that bring him within the definition of a petition preparer he is not subject to the provisions of the bankruptcy code governing petition preparers and he should not be required to refund any fees or be barred from providing his services in helping people help themselves in preparing and filing there own bankruptcy papers.

For all the foregoing reasons the respondent objects to the order to show cause regarding fees of petition preparer Mr. Lee.

Dated this 18th day of October, 2011

By /s/ Stephen Lee
Stephen Lee
Pro Se

4019 N 17th St
Milwaukee, WI 53209

#11