*Exhibit 1* (handwritten)

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 03, 2011



Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: JASMINE M. McCLOUD,

Debtor.

Case No. 11-34807-pp

Chapter 13

### ORDER TO SHOW CAUSE REGARDING FEES OF PETITION PREPARER "MR. LEE"

Section 110 of the Bankruptcy Code states that if a non-attorney completes a debtor's bankruptcy papers in exchange for being paid, that person must do certain things, including disclose his preparation of the papers on the petition. The above-captioned debtor filed her Chapter 13 petition on September 28, 2011. The page of the debtor's petition that a petition preparer is supposed to complete says, "N/A." Nothing in the petition or other papers indicates that the debtor paid a petition preparer to complete her papers. When she came down to the clerk's office to file her petition, the debtor asked for an application for waiver of the Chapter 13 filing fee. When the clerk's office told the debtor that the Chapter 13 filing fee could not be waived, the debtor was surprised.

The debtor informed both the clerk's office staff and the judge that a "Mr. Lee" at 8201 W. Capitol Drive, Suite 100, in Milwaukee, prepared her papers in exchange for payment of $90. The debtor had "Mr. Lee's" business card with her. That card advertises that Mr. Lee charges $90 to prepare bankruptcy and Chapter 128 petitions. The debtor told both the clerk's office and the judge that "Mr. Lee" told her that the judge would waive the filing fee in her case, even though the bankruptcy law does not allow waiver of the Chapter 13 filing fee.

The Court notes that another debtor, Dennis Caperton, filed case number 11-34884 on September 29, 2011, and told the clerk's office staff that "Mr. Lee" took money from him to prepare Mr. Caperton's paperwork, but that "Mr. Lee" did not complete the paperwork, and Mr. Caperton had to do it himself. Again, the section of Mr. Capterton's petition that a petition preparer is supposed to complete just says, "N/A."

For a petition preparer to take money from a debtor to help prepare papers and then not disclose that participation by signing the petition and filing the other disclosures required by 11 U.S.C. § 110 violates the law.

WHEREFORE, the Court hereby **ORDERS** that petition preparer Mr. Lee, of 8201 West Capitol Drive, Suite 100, Milwaukee, Wisconsin 53222, appear and show cause as to why the fees he collected in the above-captioned matter are not unreasonable and excessive. The Court further **ORDERS** that Mr. Lee appear on **Wednesday, October 26, 2011** at **3:30 p.m.** in Room 149 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin

to show cause why the Court should not require him to refund fees and/or should not bar him from preparing bankruptcy petitions.

The Court further **ORDERS** that if Mr. Lee fails to appear at this hearing, he could be subject to fines and sanctions pursuant to 11 U.S.C. § 110(h)(5).

The Court further **ORDERS** that the debtor in the above-captioned case, Jasmine McCloud, also must appear at the hearing on Wednesday, October 26, 2011 at 3:30 p.m., to testify as to her business dealings with petition preparer Mr. Lee. If the debtor needs to bring children with her to the hearing, she may do so.

# # # # #