UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

CHAPTER: 13
DATE: October 26, 2011
JUDGE: Pamela Pepper
CASE NO.: 2011-34807
DEBTOR: Jasmine Mccloud
NATURE OF HEARING: Order to Show Cause
APPEARANCES: Stephen Lee - from Pro Se self Help Center
Amy Ginsberg - Attorney for the United States Trustee
COURTROOM DEPUTY: Kristine Wrobel
TIME: 3:35 p.m. - 4:17 p.m.
ADJOURNED DATE:
_____

     The Court started by explaining that it had scheduled today's hearing because the debtor had filed a Chapter 13 case and requested that the filing fee be waived. When the clerk's office staff told her that the Court could not waive the Chapter 13 filing fee, the debtor expressed surprise, and revealed that she had received assistance with her paperwork. But whoever helped the debtor with her paperwork had not completed the petition preparer certifications. The debtor had told the clerk's office staff that Mr. Lee had helped her prepare her papers, and that she had paid him to do so. The Court also noted that in case number 2011-34884; Caperton, the debtor had told the clerk's office that he had paid Mr. Lee to help him, but had ended up having to do the paperwork himself. Again, no one had completed the petition preparer disclosures in Mr. Caperton's case. Finally, the Court observed that Mr. Lee had filed a response to the show-cause order, arguing that §110 of the Bankruptcy Code did not apply to him because he was not a "preparer" of bankruptcy petitions. The response argued that Mr. Lee merely gave the debtors the forms, and they filled them out. The response argued that Mr. Lee helped debtors help themselves.

     During extensive questioning from the Court and counsel for the U.S. Trustee, Mr. Lee provided information about the services he provided to clients and the fees he charged them. After hearing this information, the Court determined that Mr. Lee was, in fact, a bankruptcy petition preparer, in spite of the fact that he did not consider himself to be one. The Court admonished Mr. Lee that this meant that if he continued to take money from debtors in exchange for assisting them in preparing their papers, the law required him to disclose that fact on the certifications on the petition and schedules, and to disclose his fees. The Court warned Mr. Lee that if he continued to take money for assisting debtors with their petitions and not disclose that information along with the amount the debtors had paid for his assistance, he would find himself back before the Court and facing

1

sanctions. The Court discharged the order to show cause because Mr. Lee had appeared, but made it very clear to Mr. Lee that he needed to follow the law that required him to disclose the services that he was providing debtors.

2